# EXHIBIT A

Case 1:24-cv-02824-NGG-MMH   Document 1-1   Filed 01/03/24   Page 2 of 28 PageID #: 16

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| | |
|---|---|
| **For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.*** | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* |

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>**1061 Main Street, Bridgeport, CT 06604** | Telephone number of clerk<br>**( 203 ) 579 – 6527** | Return Date *(Must be a Tuesday)*<br>**1/9/2024** |
|---|---|---|
| ☒ Judicial District    G.A.<br>☐ Housing Session  ☐ Number: ___ | At *(City/Town)*<br>**Bridgeport** | Case type code *(See list on page 2)*<br>Major: **T**    Minor: **20** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Joel T. Faxon, Faxon Law Group, LLC., 59 Elm Street, New Haven, CT 06510** | Juris number *(if attorney or law firm)*<br>**421593** |
|---|---|
| Telephone number<br>**( 203 ) 624 – 9500** | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>**JFaxon@faxonlawgroup.com** |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: **PORTA, ALFREDO**<br>Address: **11 COUNTRY RIDGE RD., DANBURY, CT 06811** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **EXACTECH, INC.**   Agent for service: **CORPORATION SERVICE COMPANY**<br>Address: **2320 NW 66TH Court, Gainesville, FL, 32653 Goodwin Square 225 Asylum Street, 20th Floor, Hartford, CT 06103** | D-01 |
| **Additional defendant** | Name: **EXACTECH U.S., INC**   Agent for service: **CORPORATION SERVICE COMPANY**<br>Address: **2320 NW 66TH Court, Gainesville, FL, 32653 Goodwin Square 225 Asylum Street, 20th Floor, Hartford, CT 06103** | D-02 |
| **Additional defendant** | Name: **TPG, INC.**<br>Address: **301 Commerce Street, Suite 3300, Fort Worth, TX 76102  / 2320 NW 66th Court, Gainesville, FL 32653** | D-03 |
| **Additional defendant** | Name: **OSTEON HOLDINGS, INC**<br>Address: **301 Commerce Street, Suite 3300, Fort Worth, TX 76102  / 2320 NW 66th Court, Gainesville, FL 32653** | D-04 |
| **Total number of plaintiffs: 1** | **Total number of defendants: 7** | ☒ Form JD-CV-2 attached for additional parties |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>**12/1/23** | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court<br>☐ _____ Clerk | Name of person signing<br>**Joel T. Faxon** |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

RETURN DATE: JANUARY 9, 2024          :          SUPERIOR COURT

ALFREDO PORTA                         :          J.D. OF FAIRFIELD

                                      :          AT BRIDGEPORT

VS.                                   :

                                      :

EXACTECH, INC., EXACTECH U.S., INC.,  :
TPG, INC., OSTEON HOLDINGS, INC.,     :
OSTEON MERGER SUB, INC., OSTEON       :
INTERMEDIATE HOLDINGS II, INC.        :
and MICHAEL LACZKOWSKI                :          DECEMBER 1, 2023

## COMPLAINT

**COUNT ONE:** **(Product Liability as to EXACTECH, INC., EXACTECH U.S., INC., TPG, INC., OSTEON HOLDINGS, INC., OSTEON MERGER SUB, INC., OSTEON INTERMEDIATE HOLDINGS II, INC., and MICHAEL LACZKOWSKI - General Statutes § 52-572n & q)**

1.    At all relevant times, the plaintiff, Alfredo Porta, ("Mr. Porta") was and is a resident of Danbury, Connecticut.

2.    At all relevant times, defendant, Exactech, Inc. was and is a Florida corporation with its principal place of business located at 2320 NW 66th Court, Gainesville, Florida.

3.    At all relevant times, defendant Exactech U.S., Inc., was and is a wholly owned subsidiary of defendant Exactech, Inc., and a Florida corporation with its principal place of business located at 2320 NW 66th Court, Gainesville, Florida, registered to do business in the State of Connecticut.

4.    At all relevant times, defendant Michael Laczkowski was and is a resident of Greenwich, Connecticut.

1

5. At all relevant times, defendant TPG, Inc. was and is a Delaware corporation that has its principal place of business at 301 Commerce Street, Suite 3300, Fort Worth, TX 76102. TPG, Inc. is a citizen of Delaware and Texas.

6. In February 2018, TPG, Inc.'s predecessor entity- TPG Capital, LP - paid over $737 million to merge ("2018 Merger") with Exactech, Inc. and Exactech U.S., Inc. (collectively "Exactech" or "Exactech Defendants").

7. Defendant Osteon Holdings, Inc. is a Delaware corporation that has its principal place of business in Delaware, and is an indirect wholly owned subsidiary or indirect beneficially owned affiliate of TPG, Inc. Osteon Holdings, Inc. is a citizen of Delaware. Osteon Holdings, Inc. was formerly known as Osteon Holdings, LP.

8. Defendant Osteon Merger Sub, Inc. is a Texas corporation that has its principal place of business in Florida and is a wholly owned subsidiary of Osteon Holdings, Inc. Osteon Merger Sub, Inc. is a citizen of Florida and Texas.

9. Defendant Osteon Intermediate Holdings II, Inc., is a Delaware corporation that has its principal place of business in Delaware and has been identified in public court filings as the Parent corporation of Exactech, Inc. Osteon Intermediate Holdings II, Inc. is a citizen of Delaware.

10. At all relevant times, Defendant Osteon Holdings, Inc. (formerly known as Osteon Holdings, LP), Defendant Osteon Merger Sub, Inc., and Defendant Osteon Intermediate Holdings II, Inc. have been controlled by TPG, Inc. or its predecessor entities.

2

11.     Defendants TPG, Inc., Osteon Holdings, Inc., Osteon Merger Sub, Inc., and Osteon Intermediate Holdings II, Inc. are hereinafter collectively referred to as "TPG Defendants."

12.     The TPG Defendants exercised control over the 2018 Merger with Exactech and subsequent operations of Exactech for their direct benefit and they used Exactech to engage in improper conduct as outlined herein and caused harm to the plaintiff through such improper conduct.

13.     At all times after the 2018 Merger, Exactech was an agent, servant, apparent agent, joint venturer, alter ego, and/or instrumentality of the TPG Defendants.

14.     At all relevant times, Exactech and TPG Defendants designed, marketed, manufactured, tested and/or sold the TRULIANT Knee System (Truliant Device) which is comprised of knee replacement implants and components, including the TRULIANT PSC Tibial Insert which is a polyethylene insert component of the Truliant Device, throughout the United States, including in the State of Connecticut.

15.     Prior to the introduction of the Truliant Device to the US market, for years, Exactech designed, manufactured, and/or sold knee implant devices and components named Optetrak and Optetrak Logic ("Optetrak devices") which included polyethylene components.

16.     On December 23, 2020, plaintiff, Mr. Porta, underwent right knee replacement surgery at the Hospital for Special Surgery ("HSS") wherein his surgeon, Dr. Scott Rodeo, implanted the TRULIANT Knee System into Mr. Porta, which included the TRULIANT PSC Tibial Insert bearing serial number M013497, Model number: 02-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.

3

17.     At all relevant times, defendant Michael Laczkowski was an agent, servant, apparent agent, and/or contractor of Exactech and TPG Defendants, engaged by these defendants as a sales representative, or "sales rep" to carry out their marketing and advertising campaign of the Truliant Device by visiting and contacting physicians' offices, hospitals, and other health care facilities, including HSS, to promote and to encourage physicians and other health care providers to prescribe, recommend, or utilize the Truliant Device for patients.

18.     In many instances, sales reps such as Michael Laczkowski, were present during surgeries involving the Truliant Device and provided implant components to the surgeon.

19.     In their marketing materials, defendants promised that the Truliant Device had excellent long-term clinical outcomes; for example, that "surgeons and patients can have every confidence in the performance and longevity of the Truliant knee system" and promoted their Truliant Device as a system with nearly three decades of clinical success and proven outcomes for patients around the world because of an improved articular design resulting in low polyethylene stresses.

20.     As a result of the defendant Michael Laczkowski's sales and marketing contacts and visits to HSS, Mr. Laczkowski had many opportunities to warn HSS and other medical facilities about the defects in and dangers posed by installation of the Truliant Device in patients such as the plaintiff.

21.     At all relevant times, defendants Exactech, TPG Defendants, and Michael Laczkowski were and are "product sellers" of the Truliant Device, as defined by General Statutes § 52-572m.

4

22.     The Truliant Device was expected to and did reach the plaintiff without substantial change in condition from which it was manufactured and sold, and was not altered or modified in any way by Mr. Porta or any third party from the condition in which it was manufactured, retailed, distributed, packaged and/or sold by the Exactech and TPG Defendants.

23.     On August 30, 2021, Exactech issued a recall of polyethylene components of their Optetrak devices and Truliant Devices, including but not limited to the TRULIANT PSC Tibial Insert installed in the plaintiff because "inserts were packaged in vacuum bags that lacked an additional oxygen barrier layer." There was no effort to publicize this recall to healthcare providers. The recall was expanded on February 7, 2022, with Exactech advising that "most of our inserts since 2004 were packaged in out-of-specification... vacuum bags that are oxygen resistant but do not contain a secondary barrier layer containing ethylene vinyl alcohol (EVOH) that further augments oxygen resistance." After the expanded recall, patients, including plaintiff, were notified by their surgeons of the recall.

24.     For years prior to the plaintiff's implant surgery, Exactech and TPG Defendants, through their agents, employees, apparent agents and/or contractors, manufactured, promoted, and distributed the Truliant Device, without ensuring the polyethylene components, including the TRULIANT PSC Tibial Insert, were properly packaged to prevent or minimize oxidation and accelerated wear, while they knew or reasonably should have known that the packaging was improper and resulted in the polyethylene components within the Truliant Device to prematurely degrade over time

5

causing patients to experience painful symptoms and require revision surgeries due to premature failure or compromise of the Truliant Device.

25.    For years prior to plaintiff's implant surgery, Exactech, TPG Defendants, and Michael Laczkowski knew or reasonably should have known of a high rate of early failures associated with the Optetrak devices and the Truliant Device, which both contained polyethylene components, due to reported complaints in the MAUDE database of loose tibial components, aseptic loosening, pain and visible loosening, polyethylene deformation, polyethylene wear, and pain, limited mobility, knee swelling and sensitivity due to loose joint.

26.    For years prior to plaintiff's implant surgery, Exactech and TPG Defendants, and Michael Laczkowski, knew or reasonably should have known of a high rate of early failures associated with the Optetrak devices and the Truliant Device, which both contained polyethylene components, due to the observations of agents, servants, and/or employees of Exactech and TPG Defendants, including sales reps, of many instances of premature failures of the Optetrak devices and Truliant Device and revision surgeries of these devices due to polyethylene debris that needed to be removed, a/k/a "debrided," visible bone loss, osteolysis, and/or plainly loose components that were easy to remove due to lack of fixation.

27.    Despite knowing for many years prior to plaintiff's surgery that the polyethylene components of the Truliant Device were improperly packaged, which caused such components to oxidize and prematurely degrade, Exactech and TPG Defendants did not modify the packaging in an effort to address this defect until August of 2021.

6

28.    At all times after the 2018 Merger, TPG Defendants have been directly involved in and exercised control over the decision-making regarding when and how to recall the defective Optetrak devices and Truliant Devices and to alert patients and surgeons to Exactech's years' long failure to manufacture safe devices and comply with good manufacturing practices.

29.    After the December 23, 2020, implant surgery, plaintiff began having pain with any weight bearing activities which progressively worsened.

30.    On January 24, 2023, as a direct and proximate result of the defective Trulient Device, plaintiff underwent right knee revision surgery with polyethylene liner exchange at Hospital for Special Surgery performed by Scott Rodeo, M.D.

31.    The conduct of defendants Exactech, TPG Defendants, and Michael Laczkowski subjects them to liability and legal responsibility to the plaintiff for the plaintiff's injuries and damages, including the need for future medical care and economic and noneconomic damages, pursuant to General Statutes § 52-572m, in one or more of the following respects:

a.    The Truliant Device was in a defective and unreasonably dangerous condition, inherently unsafe, inherently unreliable, and could not be used without subjecting the plaintiff to an unreasonable risk of injury;

b.    The Truliant Device was not reasonably safe as manufactured, packaged, distributed, marketed and/or sold;

c.    The defects in manufacture of the Truliant Device, which presented an unreasonable risk of harm to users and patients exposed to them, including plaintiff,

7

when they were used and operated in a manner that was foreseeable to Exactech and TPG Defendants, include, but are not limited to:

i. Failure to package the polyethylene components of the Truliant Device in vacuum bags that contain a secondary barrier layer containing ethylene vinyl alcohol (EVOH) as to prevent the components from undergoing increased oxidation and causing patients to experience substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery;

ii. The materials used to package the Truliant Device were of an inferior grade or quality;

iii. The Truliant Device was manufactured differently from EXACTECH's intended specifications;

iv. Failure to measure and/or test an adequate number of samples of the Truliant Device on an ongoing basis;

v. Failure to take corrective actions to eliminate or minimize further failures of the Truliant Device;

vi. Failure to perform adequate quality control or other such testing on the polyethylene inserts used in the Truliant Device to ensure they complied with required specifications and were not prematurely degrading while stored;

vii. Failed to select appropriate third-parties to package the polyethylene inserts used in the Truliant Device;

8

viii. Failed to properly supervise and monitor the packaging of the polyethylene inserts used in the Truliant Device; and/or,

ix. Failed to exercise sufficient quality control to ensure the polyethylene inserts in the Truliant Device were safe for implantation in users and patients and would not degrade abnormally under average and regular use;

d.    The defects in the design of the Truliant Device, which presented an unreasonable risk of harm to users and patients exposed to them, including plaintiff, when they were used and operated in a manner that was foreseeable to Exactech and TPG Defendants, include, but are not limited to:

i. That the Truliant Device has propensity to undergo substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery in patients;

ii. Failure to design the packaging for the polyethylene components of the Truliant Device in vacuum bags that contain a secondary barrier layer containing ethylene vinyl alcohol (EVOH) as to prevent the components from undergoing increased oxidation and causing patients to experience substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery;

9

iii. That the materials used within the Truliant Device and packaging were of an inferior grade or quality than advertised and promoted by defendants;

iv. Failure to conduct adequate testing, including wear or other testing, on components, subassemblies and/or the finished Truliant Device as packaged and distributed;

v. Failure to test an adequate number of samples of Truliant Devices on an ongoing basis;

vi. Failure to take adequate steps to specifically identify failure modes with the Truliant Device with clarity and to suggest methods to monitor, avoid, and/or prevent further failures;

vii. Failure to identify and/or note the significance of any testing that resulted in failure of the Truliant Device;

viii. Failure to take corrective actions to eliminate or minimize further failures of the Truliant Device;

ix. Failure to adequately design packaging specifications for the components, subassemblies, and/or the finished Truliant Device; and/or,

x. Defendants' method of designing the polyethylene insert and packaging increased the risk of users and patients suffering from pain, discomfort, injury and the need for revision surgery;

e.      The warnings and the instructions for use, operative techniques, directions, marketing and promotional materials, advertisements, white papers, and other communications provided by all defendants, including Michael Laczkowski, to

10

physicians and patients with or about the Truliant Device failed to adequately convey the potential risks and side effects of the Truliant Device and the dangerous propensities of the device, which risks were known or were reasonably scientifically knowable to defendants;

f.      All defendants failed to adequately disclose or warn of the Truliant Device's propensity to undergo substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, bone loss, osteolysis, and other injuries as well as the need for revision surgery in patients when they knew or reasonably should have known of such problems with the device;

g.      All defendants were negligent, and failed to exercise reasonable care to ensure that the information they disseminated to health care professionals and consumers concerning the quality and longevity of the Truliant Device was accurate, complete, and not misleading. As a result, defendants, including sales rep Michael Laczkowski, disseminated information to health care professionals and consumers that was materially inaccurate, misleading, false, and unreasonably dangerous to consumers such as plaintiff;

h.      All defendants made numerous misrepresentations, which defendants knew or in the exercise of reasonable diligence should have known were false and/or misleading, and mislead health care professionals and consumers regarding the safety of the Truliant Device with the intent to induce reliance thereon, and to encourage purchase and implantation of the Truliant Device;

11

i.      All defendants owed a duty to orthopedic surgeons, other healthcare providers, and to consumers of the Truliant Device, including plaintiff, to accurately and truthfully represent the risks of the Truliant Device, and defendants, including sales reps, were negligent and breached their duty by misrepresenting and/or failing to adequately warn Plaintiff's orthopedic surgeon, the medical community, plaintiff, and the public about the risks of the Truliant Device, including the device's propensity to undergo substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery in patients, which defendants knew or in the exercise of diligence should have known;

j.      Exactech and TPG Defendants expressly and impliedly warranted, through their marketing, advertising, distributors, and sales representatives, that the Truliant Device was of merchantable quality, safe, and fit for the ordinary purposes and uses for which it was sold when in fact, the Truliant Device was not of merchantable quality nor fit for the ordinary purposes and uses for which it was sold and did not meet the expectations of consumers;

k.      All defendants failed to adequately disclose to the plaintiff and third parties that the Truliant Device was defective and unreasonably dangerous;

l.      The Exactech and TPG Defendants were further negligent in that:

i. they knew or should have known in the exercise of reasonable care that they should inspect, test and monitor the Truliant Device and its packaging, with sufficient frequency and care to ensure that Truliant Devices including the one at issue in this case, were not released by the

12

defendant into the stream of commerce when the polyethylene components of the Truliant Device had the propensity to oxidize, break down prematurely, and cause patients to experience substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery; (ii) they constructed and/or manufactured the Truliant Device and its packaging in a defective manner; and/or, (iii) they knew or should have known in the exercise of reasonable care that the Truliant Device and its packaging, including the device implanted in the plaintiff, were being manufactured in a way that resulted in the polyethylene components of the Truliant Device oxidizing, breaking down prematurely, and causing patients to experience substantial early polyethylene wear, component loosening and/or other failure causing serious complications including tissue damage, osteolysis, and other injuries as well as the need for revision surgery;

m.    All defendants failed to employ adequate techniques in manufacturing, assembling, inspecting, testing, and/or warning consumers about the risks posed by the defective Truliant Device, including the device at issue in this case.

32.    All defendants' conduct in advertising, selling, distributing, manufacturing, assembling, inspecting, testing, misleading and failing to warn consumers, health care providers, and other third-parties about the actual and potential risks posed by the defective Truliant Device and its packaging, including the device and packaging at issue

13

in this case, directly and proximately caused plaintiff's injuries and damages attendant thereto, including:

    a.    right knee revision surgery;

    b.    medical bills and expenses for his care and treatment;

    c.    physical and mental pain, suffering and disability; and,

    d.    the need for future surgery or surgeries and all the attendant risks, medical bills, and associated expenses.

33.    As a consequence of sustaining the injuries set forth above, the plaintiff has been caused to suffer a severe reduction of and interference with his capacity to carry-on and enjoy all of life's activities.

34.    As a further consequence of sustaining the injuries set forth above, the plaintiff has been caused to suffer a severe reduction of and interference with his earning capacity.

35.    As a further consequence of sustaining the injuries set forth above, the plaintiff has been caused to expend substantial sums for medical expenses and will expend further sums into the future.

**COUNT TWO:** (Punitive Damages as to EXACTECH, INC., EXACTECH U.S., INC., TPG, INC., OSTEON HOLDINGS, INC., OSTEON MERGER SUB, INC., OSTEON INTERMEDIATE HOLDINGS II, INC. - General Statutes § 52-240b)

1- 30.    Paragraphs 1. through 30. of Count One are hereby incorporated and realleged as paragraphs 1. through 30. of this Count Two.

31.    Due to the reckless disregard of the Exactech Defendants and the TPG Defendants for the safety of users of their products including the Truliant Device and its packaging, as of the time of implant and thereafter, the Truliant Device and its

14

packaging were in a defective condition unreasonably dangerous to plaintiff, and others, in one or more of the following ways, in that they were:

 a.  improperly or inadequately designed;

 b.  improperly or inadequately manufactured;

 c.  sold or without proper or adequate warnings, labels, or instructions;

 d.  improperly or inadequately assembled;

 e.  improperly or inadequately tested;

 f.  improperly or inadequately fabricated;

 g.  manufactured or remanufactured or constructed or designed or prepared or assembled or fabricated or installed or packaged or contained inadequate instructions and/or warnings or were sold or distributed or marketed without adequate or proper precautions to prevent the Truliant Device from causing severe injuries of the type suffered by plaintiff; and/or,

 h.  the warnings and instructions for the use of the products were inadequate to describe their proper use and to warn of their defects, despite defendants' knowledge that the Truliant Device was out of specification, defective and unreasonably dangerous.

32. One or more of the defects described above combined with the reckless conduct of the Exactech Defendants and the TPG Defendants was a substantial factor in causing the severe injuries to plaintiff as described in this complaint.

33. The plaintiff is entitled to punitive damages against the Exactech Defendants and the TPG Defendants pursuant to General Statutes § 52-240b.

15

THE PLAINTIFF,

By:

JOEL T. FAXON, ESQ.
FAXON LAW GROUP, LLC
59 Elm Street
New Haven, CT 06510
T: 203.624.9500
F: 203.624.9100
jfaxon@faxonlawgroup.com
Juris Number 410829

16

RETURN DATE:  JANUARY 9, 2024     :     SUPERIOR COURT

ALFREDO PORTA     :     J.D. OF FAIRFIELD

     :     AT BRIDGEPORT

VS.     :

EXACTECH, INC., EXACTECH U.S., INC.,     :
TPG, INC., OSTEON HOLDINGS, INC.,     :
OSTEON MERGER SUB, INC., OSTEON     :
INTERMEDIATE HOLDINGS II, INC.     :
and MICHAEL LACZKOWSKI     :     DECEMBER 1, 2023

## STATEMENT OF AMOUNT IN DEMAND

The amount of money damages claimed is greater than Fifteen Thousand Dollars

($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,

By:_____

JOEL T. FAXON, ESQ.
FAXON LAW GROUP, LLC
59 Elm Street
New Haven, CT 06510
T: 203.624.9500
F: 203.624.9100
jfaxon@faxonlawgroup.com
Juris Number 410829

17

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

**STATE OF CONNECTICUT**
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*

**PORTA, ALFREDO**

First named Defendant *(Last, First, Middle Initial)*

**EXACTECH, INC.**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **OSTEON MERGER SUB, INC.** 301 Commerce Street, Suite 3300, Fort Worth, TX 76012 | 2320 NW 66th Court, Gainesville, FL 32653 | 05 |
| **OSTEON INTERMEDIATE HOLDINGS II, INC.** 301 Commerce Street, Suite 3300, Fort Worth TX 76102 | 2320 NW 66th Court, Gainesville, FL 32653 | 06 |
| **MICHAEL LACZKOWSKI** 136 Mead Ave., Greenwich, CT 06830 | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

FOR COURT USE ONLY - File Date

Docket number

**CIVIL SUMMONS-Continuation**

Print Form                    Reset Form

State of Connecticut
County of

Connecticut
Hartford

Judicial Department

STATE OF CONNECTICUT:
: SS. WEST HARTFORD    December 4, 2023
COUNTY OF HARTFORD   :

THEN and by virtue hereof and by direction of the plaintiff's Attorney, I made due and legal service of the within original Writ, Summons and Complaint by leaving a true and attested copy at the office of CORPORATION SERVICE COMPANY whom is the duly authorized agent to accept service on behalf of the within named defendant:

**EXACTECH, INC.**

At 225 Asylum Street, 20th floor, Hartford, CT.

ALSO on December 4, 2023, I made due and legal service of the within original Writ, Summons and Complaint by leaving a true and attested copy at the office of CORPORATION SERVICE COMPANY whom is the duly authorized agent to accept service on behalf of the within named defendant:

**EXATECH U.S., INC.**

At 225 Asylum Street, 20th floor, Hartford, CT.

ALSO on December 4, 2023, pursuant to provisions of Connecticut General Statutes 33-929b, I made due and legal service upon the within named out of state defendant whom has no in state agent to accept service:

**TPG, INC.**

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

ALSO on December 4, 2023, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
TPG, INC.
301 COMMERCE STREET
SUITE 3300
FORT WORTH, TX 76102

ALSO on December 4, 2023, And by special direction of the Plaintiff's Attorney, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
TPG, INC.
2320 NW 66th COURT
GAINESVILLE, FL 32653

ALSO on December 4, 2023, pursuant to provisions of Connecticut General Statutes 33-929b, I made due and legal service upon the within named out of state defendant whom has no in state agent to accept service:

**OSTEON HOLDINGS, INC.**

**SCOTT M. KRAIMER**
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

ALSO on December 4, 2023, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON HOLDINGS, INC.
301 COMMERCE STREET
SUITE 3300
FORT WORTH, TX 76102

ALSO on December 4, 2023, And by special direction of the Plaintiff's Attorney, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON HOLDINGS, INC.
2320 NW 66th COURT
GAINESVILLE, FL 32653

ALSO on December 4, 2023, pursuant to provisions of Connecticut General Statutes 33-929b, I made due and legal service upon the within named out of state defendant whom has no in state agent to accept service:

**OSTEON MERGER SUB, INC.**

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

State of Connecticut
County of Hartford
Judicial Department

State of Connecticut
County of Hartford
Judicial Department

ALSO on December 4, 2023, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON MERGER SUB, INC.
301 COMMERCE STREET
SUITE 3300
FORT WORTH, TX 76102

ALSO on December 4, 2023, And by special direction of the Plaintiff's Attorney, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON HOLDINGS, INC.
2320 NW 66th COURT
GAINESVILLE, FL 32653

ALSO on December 4, 2023, pursuant to provisions of Connecticut General Statutes 33-929b, I made due and legal service upon the within named out of state defendant whom has no in state agent to accept service:

**OSTEON INTERMEDIATE HOLDINGS II, INC.**

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

ALSO on December 4, 2023, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON INTERMEDIATE HOLDINGS II, INC.
301 COMMERCE STREET
SUITE 3300
FORT WORTH, TX 76102

ALSO on December 4, 2023, And by special direction of the Plaintiff's Attorney, I deposited at the post office in West Hartford, a verified true and attested copy of the original Writ, Summons and Complaint, certified mail, return receipt requested addressed to the within named defendant:

THE SECRETARY
OSTEON INTERMEDIATE HOLDINGS II, INC.
2320 NW 66th COURT
GAINESVILLE, FL 32653

ALSO on December 4, 2023, I made due and legal service of the within original Writ, Summons and Complaint by leaving a true and attested copy at the usual place of abode of the within named defendant:

**MICHAEL LACKOWSKI**

At 136 Mead Ave., Greenwich, CT.

SCOTT M. KRAIMER
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

State of Connecticut
County of Hartford
Judicial Department

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS AND COMPLAINT WITH MY DOINGS HEREON ENDORSED.

FEES:

| | |
|---|---|
| SERVICE | $350.00 |
| TRAVEL | $135.50 |
| ENDORSEMENTS | $ 16.50 |
| PAGES | $220.00 |
| POSTAGE | $ 88.00 |
| TOTAL | $810.00 |

ATTEST:

SCOTT M. KRAIMER
STATE MARSHAL
HARTFORD COUNTY

State of Connecticut
County of Hartford
Judicial Department

**SCOTT M. KRAIMER**
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223

**APPEARANCE**

JD-CL-12  Rev. 12-21

P.B. §§ 3-1 through 3-12, 10-13, 25-6A, 25a-2, 25a-3

**STATE OF CONNECTICUT**

**SUPERIOR COURT**

www.jud.ct.gov

☐ *I am filing this appearance to let the court and all attorneys and self-represented parties of record know that I have changed my address. My new address is below.*

| | |
|---|---|
| Return date *(For Civil/Family cases)* | |
| **Jan-09-2024** | |
| Docket Number | |
| **FBT-CV-24-6129554-S** | |

**Name of case** *(Full name of first Plaintiff v. Full name of first Defendant)  Note: In Criminal/Motor Vehicles cases, the Plaintiff is The State of Connecticut*

**PORTA, ALFREDO  v. EXACTECH, INC. Et Al**

| ☐ Housing Session | ☒ Judicial District | ☐ Geographic Area | Address of court *(Number, street, town and zip code)* **1061 MAIN STREET BRIDGEPORT, CT 06604** | Scheduled court date *(Criminal/Motor Vehicle cases only)* |
|---|---|---|---|---|

## Enter the Appearance of

| **Name** *(Your name or name of official, firm, professional corporation, or individual attorney)* | Juris number *(For attorney/law firm)* |
|---|---|
| **MCCARTER & ENGLISH LLP** | **419091** |

| Mailing address **CITY PLACE I 185 ASYLUM AVE- 36TH FLR** | Post Office box number | Telephone number *(Area code first)* **860-275-6700** |
|---|---|---|

| City/town **HARTFORD** | State **CT** | Zip code **06103** | Fax number **860-724-3397** | E-mail address **cmohan@mccarter.com** |
|---|---|---|---|---|

in the case named above for: *(Select one of the following parties)*

**PLAINTIFF**

☐ The Plaintiff.

☐ All Plaintiffs.

☐ The following Plaintiff(s) only: _____

**DEFENDANT**

☐ The Defendant.

☐ All Defendants.

☒ The following Defendant(s) only:
**Pty# D-01 EXACTECH, INC. \*See additional pag**

☐ **Other** *(Specify):* _____

☐ This is a **Family Matters** case (such as divorce, custody, or child support). My appearance is for: *(Select one or both)*
 ☐ matters in the Family Division of the Superior Court   ☐ Title IV-D Child Support matters

☐ This is a **Criminal/Motor Vehicle** case, and I am filing this appearance as ☐ a Public Defender or ☐ Assigned Counsel

☐ This appearance is for the purpose of a bail hearing only.                                                    *(Special Public Defender)*

☐ This appearance is for the purpose of alternative arraignment proceedings only.

If an appearance by other counsel or self-represented party is on file for this party/parties, select one option below:

1. ☐ This appearance is in place of the appearance of: _____
   *Name and Juris Number (if applicable) to be replaced*

2. ☐ This appearance is in addition to an appearance already on file.

**I agree that documents can be delivered (served) to me electronically in this case. (Practice Book Sec. 10-13)** ☒ Yes  ☐ No

| Signed *(Individual attorney or self-represented party)* **303731** | Name of person signing at left *(Print or type)* **CATHERINE ANN MOHAN** | Date signed **Jan 03 2024** |
|---|---|---|

## Certification

I certify that a copy of this document was or will immediately be mailed or delivered electronically or non-electronically on *(date)* ___Jan 03 2024___ to all attorneys and self-represented parties of record and that written consent for electronic delivery was received from all attorneys and self-represented parties of record who received or will immediately be receiving electronic delivery.

*FOR COURT USE ONLY*

Name and address of each party and attorney that copy was or will be mailed or delivered to\*

**FAXON LAW GROUP LLC - 59 ELM ST/NEW HAVEN, CT 06510**

\*If necessary, attach additional sheet or sheets with name and address which the copy was or will be mailed or delivered to.

| Signed *(Signature of filer)* **303731** | Print or type name of person signing **CATHERINE ANN MOHAN** | Date signed **Jan 03 2024** |
|---|---|---|

**Continuation of JDCL12 Appearance Form for FBT-CV-24-6129554-S**

**Submitted By MCCARTER & ENGLISH LLP (419091)**

**Additional Party(ies) (Continued from JDCL12)**

**For these party(ies)**

Pty# D-02 EXACTECH U.S., INC.

**\*\*\*\*\* End of Party List \*\*\*\*\***